**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2095
_____

THEMBA BERNARD SANGANZA,

                                        Appellant

v.

WARDEN ALLENWOOD FCI MEDIUM


_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civil No. 1:20-cv-00028)
District Judge:  Honorable Christopher C. Conner
_____


Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
December 10, 2020


Before:  AMBRO, SHWARTZ, and PORTER, <u>Circuit Judges</u>


(Opinion filed: December 21, 2020)

_____

OPINION[*]

_____

PER CURIAM

Pro se appellant Themba Bernard Sanganza, proceeding in forma pauperis, appeals from the District Court's dismissal of his petition pursuant to 28 U.S.C. § 2241. For the reasons that follow, we will summarily affirm the District Court's judgment.

In October 2016, in the United States District Court for the Eastern District of Virginia, Sanganza pleaded guilty to mail fraud, bank fraud, and aggravated identity theft. He was sentenced to a term of 14 years' imprisonment and ordered to pay restitution. In January 2020, Sanganza filed a petition pursuant to § 2241 in the United States District Court for the Middle District of Pennsylvania, the District in which he is currently incarcerated, seeking to challenge the legality of his detention and requesting to be released from custody. The District Court dismissed Sanganza's petition for lack of jurisdiction. Sanganza timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 2253(a).[1] The District Court made no factual findings; we exercise plenary review over the District Court's legal conclusions. Okereke v. United States, 307 F.3d 117, 119-20 (3d Cir.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Sanganza does not need a certificate of appealability to proceed with this appeal. See United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000) (en banc), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).

2002). We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A § 2255 motion is the presumptive means by which a federal prisoner can collaterally challenge the legality of his convictions or sentence. See Okereke, 307 F.3d at 120. A federal prisoner may proceed under § 2241 only if he establishes that a § 2255 motion would be "inadequate or ineffective," 28 U.S.C. § 2255(e), and "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim," Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). "Section 2255 is not inadequate or ineffective merely because . . . the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539.

Sanganza has never filed a § 2255 motion in his sentencing court. He made arguments in his § 2241 petition about why the Government lacks various forms of jurisdiction to detain him, how his due process rights were violated in the course of his criminal proceedings, and how forged documents were used to prosecute him. However, Sanganza has presented no argument as to why a § 2255 motion would be an inadequate or ineffective means to challenge what he claims to be his wrongful detention, and no reason is apparent from his filings or the record. As Sanganza has been informed by his

3

sentencing court and by the District Court, a collateral challenge to his judgment of conviction or sentence must be brought by way of a § 2255 motion. The District Court thus properly dismissed Sanganza's petition.[2] See Cradle, 290 F.3d at 538.

Accordingly, we will summarily affirm the District Court's judgment.

---

[2] Additionally, Sanganza's conclusory allegations of bias by the District Judge for dismissing Sanganza's petition and presiding over a prior case Sanganza brought are entirely unsupported by the record.